# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DEMOND STARKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN HEALTH PARTNERS and ) <br> PSYCHE NURSE MARY [L/N/U], ) <br> ) <br> Defendants. ) | No. 3:15-cv-00357 <br> Senior Judge Haynes |

## MEMORANDUM

Plaintiff, Michael Demond Starks, an inmate at the Wilson County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Southern Health Partners and "Psyche Nurse" Mary [L/N/U].

According to his complaint, Defendant Southern Health Partners, is the entity that contracted to provide medical care to inmates at the Wilson County Jail. Plaintiff alleges that Nurse Mary saw him "about [his] nerves" on October 22, 2014. Nurse Mary mentioned several possible medications, but explained that she had to speak with the attending physician, Dr. Adetungi. Defendant Mary also told Plaintiff he would see Dr. Adetungi the following Thursday. The next day, Nurse Mary started Plaintiff on Prolixan, 2.5 mg once a day. Plaintiff states this was an antipsychotic and the wrong medication.

Two days later, on Saturday, October 25, 2014, Plaintiff had an allergic reaction to the Prolixan, alleging that his mouth locked up, his tongue swelled, and he began vomiting violently. Trustee Isaac Winfree pushed the emergency intercom button, but twenty minutes passed before Nurse Karmen arrived and another twenty minutes before Plaintiff was taken to Medical unit. Nurse

Karmen treated him with Benadryl and a shot, and Plaintiff was taken to the University Medical Center Emergency Room for further treatment. Plaintiff does not allege any long-term damage as a result of the allergic reaction, but seeks to recover his hospital bill ($1,832) plus $100,000 in damages.

The complaint (Docket Entry No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). Also before the Court is Plaintiff's motion to amend the complaint to seek monetary damages against the Defendants. (Docket Entry No. 6). Under the PLRA, the Court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

For Plaintiff's claims, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation and citation omitted). To state a claim for deliberate indifference, a plaintiff must allege plausible facts of objective component and a subjective component. The objective component is satisfied by showing a sufficiently serious

medical condition such that denial of needed medical care would result in the unnecessary and wanton infliction of pain or pose a substantial risk of serious harm. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). To satisfy the subjective component, a plaintiff must allege that the defendant subjectively perceived facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided, that he actually drew the inference, and that he acted in disregard of that risk. *Id.* "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

Applying these principles here, Plaintiff does not allege that Nurse Mary knew or had any way of knowing in advance that Plaintiff would have an allergic reaction to the medication she prescribed for him. Once Plaintiff had the allergic reaction, the jail and medical authorities responded, and Plaintiff received the treatment he needed. At most, Plaintiff's allegations might give rise to a question of fact as to whether Nurse Mary was negligent for prescribing the wrong medication for Plaintiff's condition. Yet, Plaintiff has not alleged plausible facts of deliberate indifference to his serious medical needs and his complaint fails to state a claim under § 1983 against either Defendant Nurse Mary or Defendant Southern Health Partners. Thus, the Court concludes that this action should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the ___ day of April, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge